The Honorable Courtney Sheppard State Representative P.O. Box 1132 El Dorado, AR 71731-1132
Dear Representative Sheppard:
You have requested an Attorney General opinion concerning Act 498 of 1999.
Your question is as follows:
 Does an inmate who filed for clemency before Act 498 of 1999 took effect fall under the guidelines of that law or the law that was in effect at the time of filing?
RESPONSE
It is my opinion, as explained more fully below, that an inmate who filed for clemency before Act 498 of 1999 took effect will be governed by Act 498 rather than by the law that was in effect at the time of the filing.
Act 498 of 1999 amended certain statutes that govern certain aspects of requests for clemency. The following new provisions were added to A.C.A. § 5-4-607(a):
 (4)(A) Any person who has been convicted of capital murder, any Class Y or Class A felony, and who makes an application shall not be eligible to reapply for a period of four (4) years after the date the application was denied.
 (B) Applications made prior to the effective date of this subdivision (a)(4) shall be included in determining whether a person is eligible to reapply.
 (C) Applications pending on the effective date of this subdivision (a)(4) that do not meet the requirements of this subdivision shall be dismissed. Applications dismissed under this subdivision (a)(4)(C) shall not be included in determining future eligibility.
A.C.A. § 5-4-607(a)(4)(C) (as amended by Acts 1999, No. 498, § 1).
In addition Act 498 changed A.C.A. § 16-93-207(c) to state:
 (1) If an application for pardon, commutation of sentence, or remission of fine or forfeiture is denied in writing by the Governor, the person filing the application shall not be eligible to file a new application for pardon, commutation of sentence, or remission of fine or forfeiture related to the same offense for a period of four (4) years from the date of the denial.
A.C.A. § 16-93-207(c)(1) (as amended by Acts 1999, No. 498, § 2).
The law that was in effect prior to the enactment of Act 498 of 1999 allowed inmates whose applications for clemency were denied to reapply after one year of the denial. Act 498 now requires that they wait four years before reapplying.
The above-quoted language specifically addresses the impact of this change upon inmates who had applied for clemency before the effective date of the Act. Under the provisions of A.C.A. § 5-4-607(a)(4)(B), quoted above, any application made before the effective date of the act is to be included in determining when the next application may be filed. Moreover, under the provisions of A.C.A. § 5-4-607(a)(4)(C), applications for clemency that were pending on the effective date of the act are to be governed by the requirements of the act.
These provisions of Act 498 are unambiguous. A fundamental rule of statutory interpretation is that when statutory language is unambiguous, that language should be interpreted just as it reads. See, e.g., St. PaulFire Marine Ins. v. Griffin Const., 338 Ark. 289, 993 S.W.2d 485
(1999).
I must note that the application of Act 498 of 1999 to inmates who filed for clemency before the effective date of the act does not constitute an ex post facto violation. The Arkansas Supreme Court has held that a law that merely deprives an inmate of an opportunity to reduce his sentence (as opposed to one that actually increases an inmate's sentence) is not an ex post facto law. See Ellis v. Norris, 333 Ark. 200, 968 S.W.2d 609
(1998), relying upon the United States Supreme Court's holding inCalifornia Department of Correction v. Morales, ___ U.S. ___,115 S.Ct. 1597 (1995).
For the foregoing reasons, I must conclude that an inmate who filed for clemency before Act 498 took effect will be governed by the requirements of Act 498, rather than by previous law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh